[Civil No. 1079.  Filed March 20, 1909.]

[100 Pac. 799.]

## LEON BOUVIER and FENTON JONES, Plaintiffs and Appellants, v. CHARLES BRASS, Defendant and Appellee.

1. REPLEVIN—ISSUES—ADMISSIBILITY OF EVIDENCE.—On December 7th plaintiff replevied cattle which he was pasturing in defendant's pasture on the ground that defendant agreed to sow barley in November to produce further pasturage and failed to do so, and also alleged as special damage that, because of the poor pasturage, the cattle were greatly reduced in flesh. Defendant denied that the barley was to be sown at any particular time. The evidence showed that on November 29th the pasturage had been largely used up and plaintiff attempted to remove the cattle, but defendant refused to permit their removal without further payments for pasturage. *Held,* that evidence as to the average increase in weight the cattle would have gained upon first-class feed during the period from December 1st to January 15th was immaterial under the pleadings and issues.

2. EVIDENCE—HYPOTHETICAL QUESTIONS—CONFORMITY TO EVIDENCE.— Where plaintiff replevied cattle held by defendant for pasturage

under a contract entitling plaintiff to remove the cattle after the first crop pasturage was exhausted until defendant sowed the field and the new pasturage was ready, a hypothetical question as to the effect upon cattle of keeping them ten days upon first crop hay was properly refused, there being no evidence that the hay upon which the cattle were fed while they were detained was "first crop" hay, and the question not correctly stating the period that elapsed from the time defendant refused to permit their removal to the time they were replevied.

3. ANIMALS—CONTRACT FOR PASTURAGE—CONSTRUCTION—ENTIRE CONTRACTS.—A contract by which defendant agreed for a certain sum, payable in installments, to furnish pasturage and hay for plaintiff's cattle, and later to disk and sow a field to produce further pasturage, was entire and not severable, and hence defendant did not perform his part of the contract until he had disked and sowed the land as agreed.

4. SAME — SAME — LIEN — WAIVER.—Where defendant contracted to pasture plaintiff's cattle, and later to disk a field and sow barley to produce further pasturage, and agreed that the cattle should be removed after the pasturage was eaten off until the other pasturage was ready, by agreeing that the cattle be removed, his right to retain possession under his lien during that time was waived.

5. SAME—SAME—COMPENSATION—PAYMENT.—Where defendant agreed for a certain sum to furnish pasturage for plaintiff's cattle, and to later disk a field and sow barley to produce additional pasturage, defendant's contract was not performed until he had done everything he had agreed to do; and, there being no agreement as to the time of payment, he was not entitled to payment when the contract was made.

APPEAL from a judgment of the District Court of the Third Judicial District of the Territory of Arizona, in and for the County of Maricopa. Edward Kent, Judge. Reversed and remanded.

The facts are stated in the opinion.

Charles Woolf, for Appellants.

The damages claimed by the plaintiffs consisted of two elements: (a) the loss of the increase in weight which each of these steers would have gained under proper feeding from the twenty-seventh day of November, 1907, until the time they were sold, on or about the fifteenth day of January, 1908; and (b) the loss of the feed that was consumed by these steers from the time the plaintiffs recovered possession of them on December 7, 1907, until the date on which they were sold.

"It is always the object of the law . . . to award compensatory damages or such damages as the word employed to characterize them indicates as make good or replace the loss caused by the wrong or injury." 13 Cyc. 22; 8 Am. & Eng. Ency. of Law, 544. "Where no time is fixed for payment for personal property sold or services rendered, payment must be made on performance." 5 Cur. Law, 712; *Kibler* v. *Caplis,* 140 Mich. 28, 112 Am. St. Rep. 388, 103 N. W. 531.

The contract as shown by all of the testimony was an entire contract, and the obligation on the part of the defendant to completely perform his part thereof, and that of the plaintiffs to pay the agreed price were concurrent conditions in the nature of mutual conditions precedent. Especially is this true in the absence of the specific agreement as to the time or times when the payments should have been made, and it cannot be seriously contended that defendant could claim any amount due in such case, or could have maintained a suit to recover anything under the contract until he had fully performed or shown his willingness to perform his part of the contract. Lawson on Contracts, par. 447; *Bank* v. *Hayner,* 1 Pet. 455, 7 L. Ed. 219; *King Phillip Mills* v. *Slater,* 12 R. I. 82, 34 Am. Rep. 603; *Sargent* v. *Adams,* 3 Gray, 72, 63 Am. Dec. 718; *Grandy* v. *McCleese,* 2 Jones (N. C.), 142, 64 Am. Dec. 574.

'Walter Bennett, for Appellee.

CAMPBELL, J.—Appellants in October, 1907, made a verbal contract with appellee, whereby they purchased of him the right to pasture cattle upon his fields and to feed them upon the hay stacked thereon, such rights to extend until March 1, 1908. In addition to furnishing the pasturage and hay, appellee was at his own expense to disk and sow the fields in barley, and to properly irrigate the same, in order to produce further feed thereon for the cattle of appellants. The agreed price was $725, $100 of which was paid at the time of the making of the contract. Appellants claim that, by the terms of the contract, they were to pay $100 at the making thereof, $300 January 1, 1908, and the balance March 1, 1908, and that the fields were to be disked and sowed during the month of November, 1907. The appellee claims that, when the contract was made, nothing was said as to the time when the

amount agreed upon was to be paid, but at the time the con-
tract was made $100 was paid to him upon account. He fur-
ther claims that no time was specified at which he was to sow
the barley, except that it was to be after each field was
pastured off, and that he complied fully with his contract.
Appellants were to remove the cattle to other pasture until the
barley was sufficiently grown for feed. On November 29, 1907,
the pasturage in large part having been used, appellants
sought to remove the cattle to other pastures, but appellee re-
fused to permit their removal without a further payment being
made, claiming a lien thereon for pasturage. On December
7th, appellants instituted this action to replevin the cattle and
to recover damages for wrongfully detaining them. By way
of special damages it is alleged that, by reason of the wrongful
detention, because of the poor pasturage, the cattle were
greatly reduced in flesh, to the injury of appellants in the sum
of $50 per day for each day that the cattle were so wrongfully
detained. For a second cause of action appellants claim dam-
ages in the sum of $250 for the failure of appellee to disk and
sow the fields during the month of November. In his answer,
appellee, after a general denial, set forth his understanding of
the contract, as above indicated, and by way of cross-complaint
demanded the balance of the contract price, $625. The case
was tried to a jury, and a verdict returned in favor of the
appellee upon his cross-complaint in the sum of $450.

Appellants make numerous assignments of error, the first of
which relates to the action of the court in sustaining objections
to certain hypothetical questions propounded by them to wit-
nesses. Two of these questions call for the opinion of wit-
nesses as to the average increase in weight the cattle would
have gained upon first-class feed during the period from De-
cember 1st to January 15th. Under the pleadings and evi-
dence in this case we do not see how the answers to these ques-
tions could have been material, and are therefore of the
opinion that the objections to their materiality were properly
sustained. The other questions sought the opinion of a wit-
ness as to the effect upon cattle of keeping them for ten days
upon "first crop" hay, without green pasturage. Objections
that the questions assumed the existence of facts not in evi-
dence were sustained. There is testimony in the record that
cattle will not do as well upon "first crop" hay as upon that

harvested from later crops, but at the time these questions were asked there was nothing in the record showing that the hay upon which the cattle were fed while detained was "first crop" hay, nor did the questions correctly state the period that elapsed from the time appellee refused to permit the cattle to be removed on November 29th until they were replevied on December 7th.

The court instructed the jury that if the consideration for the pasturage, hay and services in sowing the barley was to be paid in installments, as claimed by appellants, there was nothing due under the contract at the time the cattle were sought to be removed, and the appellee had no right to retain the custody of the cattle, but if the contract was that the entire amount was payable at the time the cattle were placed upon the pasture, or if nothing was said as to when it was to be paid, then appellee had a lien upon the cattle for the entire amount, and was within his rights in refusing to permit their removal. The testimony of appellee is to the effect that at the time the contract was made nothing was said as to when payment was to be made; that $100 was paid him to bind the bargain; that he was to disk and sow the fields as soon as the pasturage then growing was eaten off; and that it was contemplated that the cattle should be removed to and kept upon other pasture until he had completed disking and sowing the field, and until the barley had sufficiently grown to afford further pasturage. If the contract had been for the pasturage and hay alone, there would be no difficulty in this case. The contract price would have been payable immediately upon appellants taking possession, and appellee, under his lien, could have retained the cattle until payment was made. But the contract calls for more than the delivery of possession of the hay and fields. It also calls for services to be rendered, and is entire and not separable. Appellants were to pay the lump sum of $725 for the hay and grass then growing, and for the services in disking the land and sowing the barley. Appellee could not claim that his part of the contract had been performed until all had been done that the contract called for. We need not determine the extent of appellee's lien; for, having agreed that the cattle might be removed from his possession before the money was due, he had waived his right to retain them. It does not necessarily follow that he had no lien, nor that the cattle, while re-

moved from his custody, were not subject to his lien, so long as they remained the property of appellants, but simply that he had contracted away his right to retain possession of them.

In our opinion error was committed by the trial court in instructing the jury in effect that, if nothing was said at the time the contract was made as to when the money should be payable, it became and was payable at the making thereof.

The judgment of the lower court is reversed, and the cause remanded for a new trial.

SLOAN, DOAN, and NAVE, JJ., concur.